: 7 - 3 3 4

~AO 241
(Rev.12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware |
|---|---|

| Name (under which you were convicted): John Folks | Docket or Case No: |
|---|---|

| Place of Confinement : Delaware Correctional Center | Prisoner No.: 126234 |
|---|---|

| Petitioner( include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| John Folks                                    v. | Thomas Carroll, Warden |

The Attorney General of the State of Delaware, Beau Biden

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court, New Castle County, Delaware.

    (b) Criminal docket or case number (if you know): 0306015047

2.  (a) Date of the judgment of conviction (if you know): 1-16-04

    (b) Date of sentencing: First Sentencing: 7-2-04. Second Sentencing: 7-8-05

3.  Length of sentence: First Sentencing: Forty Years. Second Sentencing: Twenty Years.

4.  In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Robbery First Degree And Possession Of A Deadly Weapon During The Commission Of A Felony.

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty    ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty    ☐ (4)  Insanity plea

. 0 7 - 3 3 4



FILED

MAY 2 5 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what

did you plead guilty to and what did you plead not guilty to?
   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

            ☒ Jury       ☐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

            ☒ Yes       ☐ No

8.     Did you appeal from the judgment of conviction?

            ☒ Yes       ☐ No

9.     If you did appeal, answer the following:

(a) Name of court: Del. Supreme Court.

(b) Docket or case number (if you know): First Appeal Docket: 291,2004. Second Appeal Docket: 311,2005.

(c) Result:: First Appeal: Affirmed And Reversed In Part. Second Appeal: Affirmed.

(d) Date of result (if you know): First Appeal:4-25-05. Second Appeal: 1-26-06

(e) Citation to the case (if you know): First Appeal: 872 A.2d 959. Second Appeal: 892 A.2d 1083.

(f) Grounds raised: First Appeal: 1. Violation Of Sixth Amendment Right To An Impartial Jury. 2.
Violation Of Fifth And Fourteenth Amendment Rights To A Fair Trial And 3. Unconstitutionally Sentenced As A
Habitual Offender. Second Appeal: 1. Double Jeopardy, (Resentencing).

(g) Did you seek further review by a higher state court?    ☐ Yes       ☒ No

    If yes, answer the following:

         (1) Name of court: N/A

         (2) Docket or case number (if you know): N/A

         (3) Result: N/A

         (4) Date of result (if you know): N/A

~AO 241

Page 4 (Rev.12/04)

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
      concerning this judgment of conviction in any state court?          ☒ Yes          ☐ No

11    If your answer to Question 10 was "Yes," give the following information:

      (a)     (1) Name of court: Superior Court

              (2) Docket or case number (if you know): 0306015047

              (3) Date of filing (if you know): 3-27-06

              (4) Nature of the proceeding: Post-Conviction Motion, Rule 61

              (5) Grounds raised: 1. Ineffective Assistance Of Counsel (Trial Counsel), 2. Ineffective Assistance

Of Counsel (Appeal's Counsel), 3. Double Jeopardy (Conviction), 4. Prosecutorial Misconduct And 5. Judicial

Misconduct.

              (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
              ☐ Yes        ☒ No

              (7) Result: Motion Denied

              (8) Date of result (if you know): 9-25-06

~AO 241                                                                                  Page 5
(Rev.12/04)

(b) If you filed any second petition, application, or motion, give the same

information:

(1) Name of court: Del. Supreme Court

(2) Docket or case number (if you know): 563,2006

(3) Date of filing (if you know):

(4) Nature of the proceeding: Appeal Of Rule 61 Denial

(5) Grounds raised: 1. Double Jeopardy (Conviction), 2. Jury Selection Process/ Prosecutorial

Misconduct, 3. Abuse Of Discretion, 4. Ineffective Assistance Of Counsel (Trial Counsel)/ Abuse Of Discretion, 5.

Abuse Of Discretion And 6. Abuse Of Discretion/ Mootness (Both Counsel's).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☒ No

(7) Result: Appeal Denied

(8) Date of result (if you know): 2-26-07

(c) If you filed any third petition, application, or motion, give the same

information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

~AO 241                                                                                    Page 6
Rev.12/04)

       (6) Did you receive a hearing where evidence was given on your petition, application, or

          motion?

       ☐ Yes    ☒ No

       (7) Result: N/A

       (8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,
or motion?

       (1) First petition:     ☒Yes   ☐ No

       (2) Second petition:   ☒Yes   ☐ No

       (3) Third petition:    ☐Yes   ☐ No

       (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
       N/A

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
      laws, or treaties of the United States. Attach additional pages if you have more than four grounds.
      State the facts  supporting each ground.

      CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-
      court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
      grounds in this petition, you may be barred from presenting additional grounds at a later date.

## GROUND ONE: Ineffective Assistance Of Counsel (Trial Counsel)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): As a result of  (1. Counsel's breach
of confidentiality, 2. Counsel's failure to investigate the existance of witnesses, 3. Counsel's failure to compel the state
to produce exculpatory evidence, 4. Counsel's failure to mention important testimony to the jury in his closing
arguments, 5. Counsel's promotion of a batson violation And his failure to object to the prosecutor's batson violation
And 6. Counsel's other acts of omission and cumulative error's); the petitioner sixth amendment right to effective
assistance of counsel was violated.

(b) If you did not exhaust your state remedies on Ground One, explain why: Exhausted Remedies.

~AO 241

(c)    **Direct Appeal of Ground One:**
(1) if you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes

☒ No (2) if you

did not raise this issue in your direct appeal, explain why: Issue raised on post-conviction motion.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial

court?

☒ Yes    ☐ No

(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61

Name and location of the court where the motion or petition was filed: Superior Court, New Castle, Delaware

Docket or case number (if you know): 0306015047

Date of the court's decision: 9-25-06

Result (attach a copy of the court's opinion or order, if available): Motion Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Del. Supreme Court, Kent County, Del.

Docket or case number (if you know): 563, 2006

Date of the court's decision: 2-26-2007

Result (attach a copy of the court's opinion or order, if available): Appeal Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

~AO 241 Page 8 (Rev.12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your    state remedies on Ground One: N/A

### GROUND TWO: Ineffective Assistance Of Counsel (Appeal's Counsel)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to put the resentencing hearing to any adversarial challenge and voluntarily conceded to a conviction(That was adjudicated once by a higher court and reversed for insufficient evidence) that enhanced the defendant's sentence.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Exhausted Remedies

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Issue raised on post-conviction motion

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Rule 61

Name and location of the court where the motion or petition was filed: Superior Court, New Castle, Del.

Docket or case number (if you know): 0306015047

Date of the court's decision: 9-25-06

~-AO 7d 1 Page 9 (Rev 12/04)

Result (attach a copy of the court's opinion or order, if available): Motion Denied

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition                               ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☒ Yes    ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Del. Supreme Court, Kent County, Del.

Docket or case number (if you know): 563,2006

Date of the court's decision: 2-26-07

Result (attach a copy of the court's opinion or order, if available): Appeal Denied

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Double Jeopardy (Conviction)

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Defendant was convicted and sentenced twice for one weapon, a knife

~AO 241 Page 10 (Rev.12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why? Exhausted Remedies

(c) **Direct Appeal of Ground Three:** Double Jeopardy (conviction).

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) (f you did not raise this issue in your direct appeal, explain why: Issue raised on post-conviction motion, rule 61

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Rule 61

Name and location of the court where the motion or petition was filed: Super. Ct. New Castle, Del.

Docket or case number (if you know): 0306015047

Date of the court's decision: 9-25-06.

Result (attach a copy of the court's opinion or order, if available): Motion Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Del. Supreme Ct. Kent County, Del.

Docket or case number (if you know): 563,2006

Date of the court's decision: 2-26-07

Result (attach a copy of the court's opinion or order, if available): Appeal Denied.

~AO 241 Page 11 (Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: N/A

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used
exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Prosecutorial Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): 1. Prosecutor's batson violation 2.
Prosecutor's unethical manipulation of the trial court and 3. The prosecutor's acceptance of the defence counsel's breach
of confidentiality, instead of reporting the breach.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Exhausted Remedies

(c)        **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue              ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Issue raised on post-conviction motion, rule 61

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 61

~AO 241

Page 12 (Rev. 12/04)

Name and location of the court where the motion or petition was filed: Super. Ct., New Castle, Del.

Docket or case number (if you know): 0306015047

Date of the court's decision: 9-25-06

Result (attach a copy of the court's opinion or order, if available): Motion Denied

(3) Did you receive a hearing on your motion or petition?                               ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                          ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supr. Ct., Kent County, DEl.

Docket or case number (if you know): 563,2006

Date of the court's decision: 2-26-07

Result (attach a copy of the court's opinion or order, if available): Appeal Denied

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to

exhaust your state remedies on Ground Four: N/A

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Five: Judicial Misconduct/Violation Of Defendant's Fifth And Fourteenth Amendment Rights.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The trial court displayed biasness and abuse of discretion against the defendant when it ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ sentenced defendant based on false and unreliable information from the docket sheet(record) and when it showed favoritism towards the state by granting the state an unrequested ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

(b) If you did not exhaust your state remedies on Ground Five, explain why: Exhausted Remedies

(c)     **Direct Appeal of Ground Five:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

    (2) if you did not raise this issue in your direct appeal explain why: Issue raised on post-conviction motion, rule 61.

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Rule 61

    Name and location of the court where the motion or petition was filed: Superior Court, New Castle, Del.

    Docket or case number (if you know): 0306015047

    Date of the court's decision: 9-25-06

    Result (attach a copy of the court's opinion or order, if available): Motion Denied

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal    ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Del. Supreme Court, Kent County, Del.

    Docket or case number (if you know): 563,2006

    Date of the court's decision: 2-26-07

    Result (attach a copy of the court's opinion or order, if available): Appeal Denied

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground Five: N/A

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Six: Violation Of Defendant's Sixth Amendment Right To An Impartial Jury.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):The defence was prejudiced when the jury was tainted by a remark made by one of the jury member's during the prosecutor's opening statement's and a mistrial should have been declared or a voir dire conducted.

(b) If you did not exhaust your state remedies on Ground Six, explain why: Exhausted Remedies

(c)     **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes          ☐ No

(2) if you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?          ☐ Yes          ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes          ☒ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal          ☐ Yes          ☒ No

(6) If your answer to Question (d) (4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:Issue raised on direct appeal

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: N/A

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Seven: Violation Of Defendant's Fifth And Fourteenth Amendments Rights TO A Fair Trial.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):Defendant's post-arrest statement was unduly prejudicial,harmed the defense and should never have been admitted.

(b) If you did not exhaust your state remedies on Ground Seven, explain why: Exhausted Remedies

(c)    **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☒ Yes         ☐ No

(2) if you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?              ☐Yes         ☒No

(4) Did you appeal from the denial of your motion or petition?         ☐Yes         ☒No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal      ☐Yes         ☒No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:Issue raised on direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground Seven: N/A

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Eight: Violation Of Defendant's Fifth Amendment Right/Double Jeopardy(Resentencing).**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):At resentencing,sentence was enhanced based on a conviction that was adjudicated once by a higher court for insufficient evidence.

(b) If you did not exhaust your state remedies on Ground Eight, explain why: Exhausted Remedies

(c)    **Direct Appeal of Ground Eight:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) if you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐Yes    ☒ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?    ☐Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐Yes    ☒ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal    ☐Yes    ☒ No

(6) If your answer to Question (d) (4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:Issue raised on direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight: N/A

~AO 241

Page 13 (Rev. 12/04)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having
jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: N/A

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so,
ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the
issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a
copy of any        court opinion or order, if available. N/A

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised. N/A

~AO 241

Page 14 (Rev.12/04)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

| | |
|---|---|
| (a) At preliminary hearing: | Don't Know |
| | Public Defender's Office |
| (b) At arraignment and plea: | Don't Know |
| | Public Defender's Office |
| (c) At trial: | James A. Bayard Jr. |
| | Public Defender,s Office, Wilm, Del. |
| (d) At sentencing: | James A. Bayard Jr. |
| | Public Defender's Office, Wilm, Del. |
| (e) On appeal: | Bernard J. O'donnell And Resentence. |
| | Public Defender's Office, Wilm, Del. |
| (f) In any post-conviction proceeding: | John Folks |
| | Delaware Correctional Center |

(g) On appeal from any ruling against you in a post-conviction proceeding: John Folks
   Delaware Correctional Center

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
     ☐ Yes    ☒ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute      of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

\*    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

~AO 241                                                                                              Page 16 (Rev. 12/04)

(2)       The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under
this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Remand petitioner's case back to superior court for an evidentiary hearing and/or new trial;

or any other relief to which petitioner may be entitled.

_____    _____

                                              Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on          (month, date, year).

                                                              $5 - 23 - 07$

Executed (signed) on  (date).  $5$-$23$-$07$

                                              John Falke - Pro-se
                                              _____
                                              Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]
*****