This is my Appendix
To my Memorandum of
Law, was unable to
Staple, Please Staple
Thank you

07 - 3 3 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN FOLKS, )
)
     Petitioner, )
)
v. ) Civil Action No.
)
THOMAS CARROLL, Warden et al, )
)
     Respondent. )

---

PETITIONER'S APPENDIX IN SUPPORT OF HIS MEMORANDUM
OF LAW IN SUPPORT OF HIS PETITION UNDER 28 U.S.C. § 2254
FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

---

07 - 3 3 4



FILED

MAY 25 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dated: 5-23-07

John Folks, 00126234
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

# TABLE OF CONTENTS

1. Letter from counsel James A. Bayard Jr, informing Petitioner of State's habitual motion. Exhibit-78

2. Notice of motion to declare Petitioner an habitual offender............Exhibit- 78

3. First habitual offender motion with wrong conviction date................Exhibit-78

4. Letter from Prosecutor, informing Judge Cooch of the amended habitual motion........Exhibit-79(A)

5. Notice of second motion to declare Petitioner an habitual offender............Exhibit-79(B)

6. Second habitual offender motion, after the breach, with the correct conviction date......Exhibit-79(C)

7. First sentence, where no objections ▮▮▮▮ was made to the habitual motion.........Exhibit- 80

8. Court docket sheet, showing that two habitual motions were filed on two separate dates..Exhibit- 81

9. Medical records from Christiana hospital (on the night of Petitioner's arrest) for leg pain.....Exhibit- 2

10. Letter from Prosecutor to Judge Cooch, ▮▮▮▮ manipulating Judge to revisit adjudicated conviction. Exhibit-86

11. Petitioner's Extended supplemental Reply............................Exhibit A

12. Summary Judgment motion)..............................................Exhibit A

13. Court docket sheet.....................................................Exhibit-B

14. court docket sheet.....................................................Docket number-98
........................................................................Docket number-46



## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

JAMES A. BAYARD, JR.
ASSISTANT PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

TELEPHONE
(302) 577-5121

March 12, 2004

Mr. John T. Folks
c/o Howard R. Young Correctional Institute
1301 East 12th Street
Wilmington, DE  19809

Dear Mr. Folks:

Please find enclosed a copy of the State's motion to declare you a habitual offender. If you disagree with any of the convictions noted in the motion, please write me as soon as possible. I will need to know which conviction(s) you disagree with and the basis for that disagreement.

Very truly yours,

*J. A. Bayard*

James A. Bayard, Jr.
Assistant Public Defender

JAB,Jr./ks
Enclosure

Letter received with First motion on or about
( 3-13-04,

Exhibit-78

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR THE COUNTY OF NEW CASTLE

STATE OF DELAWARE          :

                                  :

v.                            : Case No. 0306015047

                                  :

JOHN FOLKS                  :

## MOTION TO DECLARE JOHN FOLKS AN HABITUAL OFFENDER

**COMES NOW** the State of Delaware, by and through its attorney, Stephen M. Walther,

Deputy Attorney General, which moves this Honorable Court pursuant to §§4214(a) and 4215(b)

of Title 11 of the Delaware Code, to have JOHN FOLKS declared an habitual criminal offender

and to impose the sentencing provisions of 11 *Del. C.* §4214(a) for the offenses of Robbery First

Degree (IN03-07-0023) and Possession of a Deadly Weapon During the Commission of a Felony

(IN03-07-0024). In support of this motion the State avers the following:

The defendant is an habitual offender by reason of the following convictions:

1. Charge:    Carrying a Concealed Deadly Weapon

    Court:    Superior Court of the State of Delaware, New Castle County

    Cr. A. No.: IN77-04-0925

    Offense Date: April 7, 1977

    Conviction Date: June 7, 1977

    Sentence Date:    June 7, 1977

    Judge:        The Honorable William Bush

    Defense Attorney:    David Lukoff, Esquire

*Certified Court Records of these convictions are attached as Exhibit A.*

1ST motion

(original Motion)

Exhibit ~ 7b

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR THE COUNTY OF NEW CASTLE

STATE OF DELAWARE                    :
                                     :
v.                                   :        Case No. 0306015047
                                     :
JOHN FOLKS                           :

## NOTICE OF MOTION

TO:    James Bayard, Esquire
       Assistant Public Defender
       Public Defender's Office
       820 N. French Street, Third Floor
       Wilmington, DE 19801

**PLEASE TAKE NOTICE** that the within Motion to Declare **JOHN FOLKS** an

Habitual Offender is being filed with the Court, and will be heard at the time of sentencing.

Stephen M. Walther
Deputy Attorney General
Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801

Dated: March 11, 2004

First motion received on or about (3·13·04) with Letter (Enclosed)

Exhibit - 78



**M. JANE BRADY**
ATTORNEY GENERAL

**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

KENT COUNTY
102 West Water Street
Dover, DE 19904
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545
March 24, 2004

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-2500

**PLEASE REPLY TO :**

New Castle County
(302) 577-8500

The Honorable Richard R. Cooch
Superior Court Judge's Chambers
New Castle County Courthouse
500 North King Street
Wilmington, DE 19801

**RE: State of Delaware v. John Folks**
**Case No.** 0306015047

Dear Judge Cooch:

Enclosed please find an amended copy of the State's Motion to Declare John Folks an Habitual Offender. The State will present the Motion at the time of sentencing.

Respectfully submitted,

Stephen M. Walther
Deputy Attorney General

SMW/agl
xc:    James Bayard, Esquire
       Criminal Prothonotary

Copy of Letter
sent to Judge on or about 3-24-04
but received by me on or about (3-26-04)

Exhibit-79 (A)

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR THE COUNTY OF NEW CASTLE

STATE OF DELAWARE                          :
                                           :
v.                                         : Case No. 0306015047
                                           :
JOHN FOLKS                                 :

### MOTION TO DECLARE JOHN FOLKS AN HABITUAL OFFENDER

**COMES NOW** the State of Delaware, by and through its attorney, Stephen M. Walther,

Deputy Attorney General, which moves this Honorable Court pursuant to §§4214(a) and 4215(b)

of Title 11 of the Delaware Code, to have JOHN FOLKS declared an habitual criminal offender

and to impose the sentencing provisions of 11 *Del. C.* §4214(a) for the offenses of Robbery First

Degree (IN03-07-0023) and Possession of a Deadly Weapon During the Commission of a Felony

(IN03-07-0024). In support of this motion the State avers the following:

The defendant is an habitual offender by reason of the following convictions:

1. Charge:    Carrying a Concealed Deadly Weapon

   Court:    Superior Court of the State of Delaware, New Castle County

   Cr. A. No.: IN77-04-0925

   Offense Date: April 7, 1977

   Conviction Date: June 7, 1977

   **Sentence Date:    September 9, 1977**

   Judge:    The Honorable William Bush

   Defense Attorney:    David Lukoff, Esquire

   *Certified Court Records of these convictions are attached as Exhibit A.*

*(received on or about 3-26-04 NoT 3-11-04 or 3-12-04) (2nd motion)*

*(Amended motion)*

*Exhibit #9 (B)*

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR THE COUNTY OF NEW CASTLE

STATE OF DELAWARE

v.

Case No. 0306015047

JOHN FOLKS

### NOTICE OF MOTION

TO:  James Bayard, Esquire
     Assistant Public Defender
     Public Defender's Office
     820 N. French Street, Third Floor
     Wilmington, DE 19801

**PLEASE TAKE NOTICE** that the within Motion to Declare **JOHN FOLKS** an

Habitual Offender is being filed with the Court, and will be heard at the time of sentencing.

Stephen M. Walther
Deputy Attorney General
Department of Justice
820 N. French Street, 7th Floor
Wilmington, DE 19801

Dated: March 11, 2004

Copy of second motion received
on or about (3-26-04)

Exhibit - 79 (B)

5

1    MR. WALTHER: May I show to the Court what was
2 filed with the clerk?
3         THE COURT: Yes.
4         MR. WALTHER: You're right, Your Honor. It
5 does say "motion," not "amended motion."
6         (Pause.)
7         THE COURT: Yes. This document has been duly
8 filed.
9         Is this the motion the State is relying on.
10        MR. WALTHER: Yes.
11        THE COURT: It's not an amended motion, but
12 rather the original motion. With that confusion cleared
13 up, will you please present the motion.
14        MR. WALTHER: Yes, Your Honor.
15        The motion is to have the defendant declared
16 the status of habitual offender based upon three
17 predicate convictions, the first of which was a carrying
18 a concealed deadly weapon, for which he was convicted on
19 June 7th, 1997, and sentenced on September 9th, 1997.
20 Certified copies are attached to the State's motion as
21 Exhibit A.
22        The second predicate conviction was an assault
23 second degree, where he was convicted on February 16th

6

1 of '99, sentenced the same date.
2         And the third predicate is the robbery first
3 degree charge, which he was convicted April 14th and
4 sentenced the same date.
5         The State has given the defendant notice that
6 the State would be seeking, having been sentenced on the
7 charges of robbery first degree and possession of a
8 deadly weapon during the commission of a felony, as a
9 result of his jury conviction which Your Honor presided.
10        THE COURT: Thank you.
11        Mr. Bayard, defendant's position on the motion.
12        MR. BAYARD: First of all, we need, for the
13 record, clarity this is under 4214(a).
14        THE COURT: The motion does say that. So the
15 State is proceeding under the less onerous subsection
16 (a), rather than subsection (b).
17        Mr. Walter, just to make the record clear.
18        MR. WALTHER: That's right, Your Honor.
19        MR. BAYARD: Your Honor, I've been over this.
20 Mr. Folk has been given both the original motion that
21 was filed and the subsequent motion that was filed --
22        THE COURT: Excuse me. Was there a subsequent
23 motion?

7

1         MR. BAYARD: Yes. The subsequent one is the
2 March 11th, Your Honor. There was some typographical
3 issues in the first one. And that's -- you know, one
4 supersedes the other, and I understand that. And based
5 on the motion filed March 11th of this year by
6 Mr. Walther, there is no opposition to the facts as set
7 forth by the State.
8         THE DEFENDANT: Your Honor --
9         THE COURT: No. This is not your time to
10 speak. You may confer with Mr. Bayard if you wish.
11        MR. BAYARD: I do know that Mr. Folk had
12 serious exception to one of the charges. I believe he's
13 written to the Court about that. And, quite frankly,
14 it's an interesting piece of logic that Mr. Folk is
15 demonstrating. But as far as this document is
16 concerned, am I objecting to it as it's written, the
17 answer is no.
18        THE COURT: I'll hear from Mr. Folk if he has
19 self examined the circumstances in this case.
20        THE DEFENDANT: Yes, sir. Yes, Mr. Cooch.
21        First of all, I received two motions. The
22 first motion is dated the 11th. The second motion I
23 have is also dated the 11th. The affidavit of mailing

8

1 on each of these motions that I have that I received is
2 both on the 11th. However, this so-called -- this
3 amended motion that the State is saying -- or according
4 to the letter that I have that was dated to you, this
5 motion was amended on the -- on or about the 24th.
6         I'm saying -- so, I mean, I'm just -- and also,
7 another thing about this affidavit and mailing, Your
8 Honor, I'm saying, pursuant to 29 Del.C. 2805, that
9 don't even exist.
10        THE COURT: Mr. Folk, do you take issue with
11 the fact that the three convictions occurred --
12        THE DEFENDANT: I take issue, Your Honor -- I'm
13 sorry.
14        THE COURT: Do you take issue with the fact
15 that the three felony convictions having occurred,
16 arrest date, conviction date, sentencing date as set
17 forth in the March 11th motion, do you take issue with
18 the facts that the State has set forth with respect to
19 those prior felony convictions?
20        THE DEFENDANT: Yes, sir.
21        THE COURT: What is that factual dispute?
22        THE DEFENDANT: 1993 conviction, Your Honor.
23        THE COURT: And what claim of error do you make

```
                    SUPERIOR COURT CRIMINAL DOCKET               Page    4
                       ( as of  07/12/2004 )

State of Delaware v.  JOHN T FOLKS                         DOB: 06/13/1955
State's Atty: STEPHEN M WALTHER , Esq.      AKA:
Defense Atty: JAMES A BAYARD , Esq.

      Event
No.   Date          Event                              Judge
-----------------------------------------------------------------------------
24    01/16/2004                                  COOCH RICHARD R.
         CHARGE TO THE JURY FILED.
25    01/21/2004                                  COOCH RICHARD R.
         ORDER FOR MTN TO SUPPRESS: DENIED.
         AND NOW, TO WIT, THIS 15TH DAY OF JANUARY, A.D., 2003, THE FOREGOING
         MTN HAVING BEEN HEARD AND CONSIDERED, IT IS HEREBY; ORDERED THE MTN
         TO SUPPRESS IS DENIED FOR ALL THE REASONS STATED ON THE RECORD.
26    01/27/2004
         DEFENDANT'S LETTER FILED.
         TO: JUDGE COOCH
28    01/27/2004
         DEFENDANT'S LETTER FILED.
27    01/30/2004                                  COOCH RICHARD R.
         LETTER FROM: JUDGE COOCH                 TO: JAMES BAYARD
         RE: DEAR COUNSEL
         INCLOSED IS THE COPY OF A LETTER RECEIVED 1/27/04  FROM THE TRUE
         DEFENDANT WHICH IS FORWARDED TO YOU TO TAKE ANY ACTION APPROPRIATE.
      02/02/2004
         DEFENDANT'S LETTER FILED.
30    03/03/2004
         DEFENDANT'S LETTER FILED.
31    03/12/2004
         STATE'S MOTION TO DECLARE AN HABITUAL OFFENDER FILED.
         BY STEPHEN M WALTHER, DAG
         WILL BE HEARD AT TIME OF SENTENCING
         (REFERRED TO JUDGE COOCH 03-31)
32    03/23/2004
         DEFENDANT'S LETTER FILED.
33    03/24/2004
         STATE'S MOTION TO DECLARE AN HABITUAL OFFENDER FILED/2ND TIME
         BY STEPHEN M WALTHER, DEPUTY ATTORNEY GENERAL
         PER MARIE-SEND UP MOTION, SHE'LL PUT W/FILE.   (03/26)
34    04/05/2004
         DEFENDANT'S REQUEST FILED.
         TO: JUDGE COOCH
         REQUEST TO PROCEED PRO SE DURING HABITUAL OFFENDER HEARING
35    04/15/2004                                  COOCH RICHARD R.
         LETTER FROM: JUDGE RICHARD R. COOCH    TO: MR. JAMES A. BAYNARD, ESQ.
         RE: STATE OF DELAWARE V. MR. JOHN T. FOLKS
         MR. JOHN T. FOLKS IS REQUESTING TO REPRESENT HIMSELF.
38    05/05/2004
         SUBPOENA(S) SERVED BY SHERIFF.
```



Exhibit- 81, court docket numbers, 31 and 33



CHRISTIANA CARE
HEALTH SERVICES

EDAS

Emergency Department
NURSING ASSESSMENT SHEET/INTERDISCIPLINARY CARE RECORD

Instructions for Use:
1. Side one to be completed for Patient being admitted.
2. Side two to be completed for patients being Discharged or Transferred.

DATE: 6/22/03

FOLKS, JOHN
AGE 048    DOB 06 13 955
06/22/03    00004846740 7
MRN 000900017345

Folks    John

Side 1

| INITIAL ASSESSMENT | Time 2210 | ☒Triage ☐ Care | ☐ F.T. |
|---|---|---|---|

Sudden onset C P
on arrival (a) police
station brought
in BLS → WPD handcuffs
3/10 CP

Pain Level: (0-10)    Initials ICH

Past Medical History: H TN
epilepsu
DM.

| Time | Initials |
|---|---|
| 2210 | CH |

Temperature 9800  m 36900
Pulse 64 (P)
Respiration Rate (RR) 18
Blood Pressure (BP) 111 59
Last Menstrual Period (MP)

Weight ____ kg
☐ Estimated
☐ Actual

**GLASGOW COMA SCORE**

| 1. Eye Opening | | Score |
|---|---|---|
| Response | | |
| Spontaneous | | 4 |
| To Voice | | 3 |
| To pain | | 2 |
| None | | 1 |

| 2. Best Verbal Response | | Score |
|---|---|---|
| Response | | 5 |
| Oriented | | 5 |
| Confused | | 4 |
| Inappropriate Words | | 3 |
| Incomprehensible | | 2 |
| None | | 1 |

| 3. Best Motor Response | | Score |
|---|---|---|
| Response | | 6 |
| Obeys Command | | 6 |
| Purposeful Move | | 5 |
| Withdraws | | 4 |
| Flexion | | 3 |
| Extension | | 2 |
| None | | 1 |

Total ___

**DOMESTIC VIOLENCE**
☐ No
☐ Suspected
☐ Yes
☐ Brochure given
☐ Phone referral    762-6110
Cleared from backboard
time: ___
by: ___

| MEDICATIONS | ALLERGIES (Date/Reaction) |
|---|---|
| denies | NKDA |
| was taking | |
| HCTZ | |
| - ran out | |

**TRIAGE TREATMENT**

☐ wheelchair  ☐ splint / sling  ☐ ice    ☐ EKG @___
Offered:☐ stretcher    ☐ c - collar    ☐ wound care___
☐ Tylenol/Motrin ____ mg Given @ ___
☐ Xray of ___
☐ Finger Stick ____ mL/dl @ ___
☐ minineb treatment @ ___

| PRIMARY NURSE ASSESSMENT | Time | | Initials |
|---|---|---|---|
| LUNGS | ABDOMEN | EKG RHYTHM | |
| Clear Bilaterally ☐ | Soft, Non-tender ☐  Active Bowel Sounds ☐ | NSR ☐ | |
| Other: | Other | Other | |
| | PUPIL SIZE | VISUAL ACUITY | |
| Pulse ox: | ® Ⓛ | ® ___ / ___ | |
| O₂: | ___ mm ___ mm | Ⓛ ___ / ___ | |

Tetanus Immunization:    ☐ No
☐ Yes, Date ___    ☐ UNK

| Time | Device/Gauge | Solution | Site | Rate | Initials |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**INTERDISCIPLINARY NOTES**

| TIME | Pulse | Rhy | Resp | BP | POx | Pain Level | | Initials |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | No Sleep X 5 days - denies | |
| | | | | | | | Cocaine → C/o bilateral pain | |
| | | | | | | ✓ | both legs | ell |
| 2230 | 68 | MV | 18 | 112 | | ? | Pt mumbling when talks. Requests | |
| | | | | | 98 | | Hot cereal. When asked about | |
| | | | | | | | Chest pain. Says no then yells. | |
| | | | | | | | Back to sleep. no VN | |
| 2330 | | | | | | | W/c police  T-A/Pt/o | |

SIGNATURE/TITLE    PRINT NAME    SIGNATURE/TITLE    PRINT NAME

Lorraine Mutter RN    Mutter Rd    K Redd    K Hogan RN

20605 S(36845)(0702)C    NURSING - Nursing Assessme

EXHIBIT 2

Job # 1157044 at 09/02/03 11:30:52

M. JANE BRADY
ATTORNEY GENERAL



$Q 5.$

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

KENT COUNTY
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-4698

**PLEASE REPLY TO :**

June 6, 2005

New Castle County
(302)577-8500

The Honorable Richard R. Cooch
Superior Court Judges' Chambers
New Castle County Courthouse
500 North King Street
Wilmington, Delaware 19801

### RE: State of Delaware v. John Folks

Dear Judge Cooch:

Your Honor has scheduled a hearing in this matter for June 17, 2005. Unfortunately, I will be on vacation and therefore not available from June 13 - 24, 2005.

Accordingly, I respectfully request that the Court schedule another date for the hearing.

For purposes of Your Honor's schedule, I intend to call two witnesses to connect the defendant to the 1977 predicate conviction. This will be done by fingerprints.

Respectfully submitted,

Stephen M. Walther
Deputy Attorney General

SMW/agl
Xc:  John Folks
     Angelo Falasca, Esquire

Exhibit—86

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

John FOlKS
   Defendant - Below
Movant,

   V.

STATE OF DELAWARE,
   Respondent.

Cr. A. No. 0306015049 7 - A.
IN 03-07-0023 - R1
IN 03-07-0024 R1

THIS IS DEFENDANT'S "EXTENDED SUPPLEMENTAL REPLY"
TO THE STATE'S RESPONSE TO DEFENDANT'S POST-CONVICTION RELIEF
MOTION.

(1)
Exhibit - A

(1) <u>Petitioner would Like the following objections</u>

<u>Noted for the record</u>:

(A) the State's untimely memorandum.

(B) the State was given an extension of Time, even though the state never asked for one.

(C) the State was allowed to address to more than Just my post-conviction motion and/or memorandum of Law, because they waited until after I filed my reply to the Counsel's affidavits to file their memorandum.

<u>ARGUMENT</u>

(1)(D) Petitioner argues that the State's memorandum should not be accepted and that his post-conviction motion be decided based on the merits of his motion, Counsel's affidavits and Petitioner's reply to Counsel's affidavits. Petitioner further argues that if he filed an untimely motion, his motion would have been Procedually barred and/or dismissed.

(2)

EXhibit-A

IN REPLY TO THE STATE'S RESPONSE TO DEFENDANT'S

POST-CONVICTION RELIEF MOTION, THE DEFENDANT ASSERTS THE

FOLLOWING:

(2) Petitioner argues that he has Proven the two
Prong test for Judging his ineffective claim and that he
has identified his counsel's acts of Omissions that are
alleged not to have been result of reasonable Professional
Judgment, and that there is a reasonable Probability that
"but for" counsel's unprofessional errors, result of the
Proceeding would have been different. Petitioner also argues
that he has Proven his counsel (James A Bayard Jr.) Prejudiced
him as a result of his ineffectiveness and that his errors were
so serious, as to deprive Petitioner of a fair trial, A trial
whose result is reliable. See; Strickland V. Washington, 466
U.S. 668, 104 S. CT. 2052. See; Petitioner's memorandum of Law, Pages
3 To 11. Also see; Saunders V. State, 538 A 2D 723.

(3) Petitioner argues that according to the double Jeopardy
clause of the fifth amendment, according to delaware's own
law, 11 Del. C. § 206 (a) (1) and according to the blockburger
test, blockburger, 52 S. CT. 180, 182; Petitioner was placed in
double Jeopardy and sentenced Twice as the result of and/or
for the same weapon. See; Petitioner's memo. of Law, Pages; 13, 14 and 15.

(3)

Petitioner also argues that this ground should not be barred by procedural default set forth in Rule 61(i)(3), because Petitioner tried to introduce the double Jeopardy claim in the proceedings leading up to the Judgment, but was prevented by his attorney. (James A. Bayard Jr.). Petitioner argues that rather being barred, his double Jeopardy claim should be heard on its merits, otherwise the very ineffectiveness of my counsel at the trial will also bar my Post-Conviction relief. The violation of my constitutional right to effective assistance of counsel will prejudice me in both the trial and in this proceeding. See: state's memorandum, page-3, Letter A.

(4) Petitioner argues that the record supports, through his correspondence with the courts and his suppression hearing, that he tried to introduce the exculpatory claim (interrogation tape) into the proceedings and again was prevented by his counsel (James A. Bayard Srd from doing so. Petitioner argues that his claim that the state failed to introduce exculpatory evidence should not be barred by Rule 61(i)(3), but should be heard on the merits. Petitioner also asserts that None of his claims should be barred by Rule 61(i)(3), because if there were any procedual defaults, they were caused by Petitioner's counsel (James A. Bayard Jr.), thus prejudicing Petitioner, by not preserving issues and denying Petitioner due process of law. Petitioner also asserts that this claim is not in a conclusory fashion, because the record and Petitioner's argument supports this claim. See: state's memorandum, page, 4, Letter B. See: Gray v. Greer, 800 F. 2d 644 (7th Cir. 1996). See: U.S. v. Pierce, 959 F. 2d 1297 (5th Cir. 1992), and see: ─

(4)

Exhibit A

Nevarez Diaz v. U.S.; 879 and see: Murray v. Carrier, 477 U.S. 478, 488, 106 S. ct. 2639, 2645, 91 LEd 2d 287 (1986)

(5) Petitioner argues that his Batson claim is not conclusory in nature, but is supported by the record. Petitioner asserts that the Jury selection process speaks for itself and that the Petitioner's counsel, (James A. Bayard Sr.) along with the state, purposely engaged in discriminating against Afro-Americans Jury members during the Peremptory challenges, thus Prejudicing the Petitioner and denying Petitioner a fair trial - see: State's memorandum, Page, 5, see: Jury selection Process.

(6) Petitioner argues that even the State's memorandum showed where counsel James A. Bayard Sr. lied in his affidavit, when he said that "the relative size between Mr. Mcvey and Petitioner was not a focus of this case". see: James A. Bayard Sr. affidavit, Letter (b) (3), see: State's memorandum, Page 7, (reference to T-128) and see: Petitioner's memorandum of Law, exhibit #6, Page-128.

(7) Petitioner argues that his counsel (James A. Bayard Sr.) breached confidentiality against him and that this claim should not be denied under Rule 61(i)(4), because it was not formally adjudicated, and therefore is not moot. Petitioner argues that issues that go to fundamental fairness and Constitutional rights should never be considered moot. When Petitioner's counsel broke confidentiality, Petitioner lost confidence in his ability to speak openly to his counsel, this effectively denied me my right to Participate

(5)

Exhibit-A

IN MY own defense. The breach of Confidentiality and fear of future breaches created a situation that was fundamentally unfair and therefore is not moot. See: state's memorandum, page 8, Letter G. See: counsel James A. Bayard Jr. affidavit, admitting breach, Letter (G). Petitioner argues that his counsel James A. Bayard Jr. never had his best interest in mind from the time he was assigned to Petitioner's case and there's a very strong and probable possibility that his counsel was sabotaging and weakening his case from the beginning. See: Osburn v. Shillinger, 861 F. 2d 612 (10th Cir. 1988). Petitioner also argues that under doctrine of mootness, action must be dismissed when it fails to present controversy which is capable of Judicial resolution. See: Mitchell v. Board of adjustment of Sussex county, 706 A 2d 1027. Petitioner's case differs from the Mitchell case, because in Petitioner's case, there remains a controversy, Petitioner believes that the breach of confidentiality was fundamentally unfair and the state disagrees. There still remains a venue for resolution of the conflict as I seek Post-Conviction relief because of this unfairness. Petitioner contend that when his counsel (Mr. James A. Bayard Jr.) breached confidentiality against him, he tainted the entire Proceedings, from the pre-stages of his trial to the sentencing.

(6)

Exhibit-A

## CONCLUSION

Petitioner contends that he has proven his case and request that this honorable court grant him relief. Petitioner request that either his conviction and/or sentence be vacated and he be either retried and/or re-sentenced appropriately.

Respectfully submitted,

John Folks

JOHN FOLKS, Pro-se
1181 Paddock Road
D.C.C.
Smyrna, Delaware
19977

Date: 8-15-06

(7)

Exhibit-A

IN AND FOR NEW CASTLE COUNTY

State of Delaware
            plainTiff

John Folks
            DefendanT

Ca No # 0306015047A
In 03070023 R1
In 03070024 R1

## MoTion For Summary JudgmenT
### PursuanT To Rule 56 sup. crT. rules

Now Comes John Folks and moves This Honorable CourT For Summary JudgmenT

Where as on mar 27, 2006 a PosT ConvicTion moTion was presenTed To This CourT PursuanT To . . . DE. R. SUPER. CT Crim Rule 61.

Where as on mar 30, 2006 The CourT ordered ThaT Counsels: Bayard & O'Donnell File a affidaviT in answer To The moTion by Apr 21, 2006

Where as on mar 30, 2006 The CourT ordered ThaT The STaTe To File a memorandum in response To counsels response, Taking inTo accounT The FacTual asserTions in The moTion's, by may 22, 2006.

The STaTe ie: DeparTmenT of JusTice has Failed To File a response as ordered.


EXhibiT-B

Where for a motion for extension of Time
has not been filed or recived by The above

I John Folks do pray This Honorable CourT
To find in favor of The motion, Due To States
DefaulT and further would pray ThaT The Honorable
CourT To order a evidenTiary Hearing, and / or
vacaTe movanT's ConvicTion and/or senTence or
WhaT ever The courT deem's JusT.

This Day 5-30-06

John Folks

Exhibit-B
A-4

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page   11
                         ( as of  10/20/2006 )

State of Delaware v.  JOHN T FOLKS                     DOB: 06/13/1955
State's Atty: STEPHEN M WALTHER , Esq.      AKA:
Defense Atty: JAMES A BAYARD , Esq.


        Event
No.     Date            Event                              Judge
-------------------------------------------------------------------------
        DEFENDANT'S LETTER TO PRESIDENT JUDGE VAUGHN FILED
        RE: PENDING MTNPCR IN NEW CASTLE BEFORE JUDGE COOCH.
95      06/09/2006
        STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S RULE 61 MOTION FILED.
        FILED BY STEPHEN WALTHER, DAG
        REFERRED TO JUDGE COOCH
96      06/20/2006
        DEFENDANT'S LETTER FILED.
        REFERRED TO JUDGE COOCH
        OBJECTION TO STATE RESPONSE
97      07/11/2006
        LETTER FROM RRC TO MR. WALTHER AND J. FOLKS
        I AM IN RECEIPT OF MR. FOLKS' LETTER OF 6/15/06 REQUESTING THAT THE
        COURT NOT CONSIDER THE STATE'S RESPONSE BECAUSE IT WAS NOT FILED BY
        THE ORIGINALLY ESTABLISHED DEADLINE DATE. THE COURT, IN ITS DISCRETION
        GRANTED THE STATE A SHORT EXTENSION TO FILE ITS RESPONSE. ACCORDINGLY,
        THE COURT WILL CONSIDER THE STATE'S RESPONSE. HOWEVER, SINCE
        MR. FOLK'S REPLY WAS FILED PRIOR TO RECEIVING THE STATE'S RESPONE, THE
        COURT WILL ALLOW MOVANT TO FILE A "SUPPLEMENTAL REPLY" TO THE STATE'S
        RESPONSE ON OR BEFORE 7/25/06 IF MR. FOLKS WISHES TO DO SO.
        IT IS SO ORDERED, JUDGE COOCH
98      07/11/2006
        MOTION FOR SUMMARY JUDGEMENT FILED PRO SE.  REFERRED TO JUDGE COOCH.
101     07/25/2006
        DEFENDANT'S LETTER TO PRESIDENT JUDGE VAUGHN FILED.
        RE: NEW CASTLE COURT DOCKET.
99      08/21/2006
        DEFENDANT'S EXTENDED SUPPLEMENTAL REPLY TO THE STATE'S RESPONSE TO
        DEFENDANT'S POSTCONVICTION RELIEF MOTION FILED. PRO SE
        REFERRED TO JUDGE COOCH
102     09/25/2006                              COOCH RICHARD R.
        ORDER: UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: DENIED.
        IT IS SO ORDERED
103     09/25/2006
        LETTER FROM JUDGE COOCH  TO STEPHEN WALTHER, DAG & JOHN FOLKS.
        RE: ENCLOSED PLEASE FIND AN ORDER IN THE ABOVE-CAPTIONED CASE.

            *** END OF DOCKET LISTING AS OF  10/20/2006 ***
                    PRINTED BY: CSCVELL
```

court Docket sheet, number - 98

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    5
                          ( as of  10/20/2006 )
```

State of Delaware v.  JOHN T FOLKS                          DOB: 06/13/1955
State's Atty: STEPHEN M WALTHER , Esq.       AKA:
Defense Atty: JAMES A BAYARD , Esq.

```
       Event
No.    Date              Event                            Judge
---------------------------------------------------------------------------
39    05/05/2004
         SUBPOENA(S) SERVED BY SHERIFF.
40    05/05/2004
         SUBPOENA(S) SERVED BY SHERIFF.
41    05/05/2004
         SUBPOENA(S) SERVED BY SHERIFF.
42    05/05/2004
         SUBPOENA(S) SERVED BY SHERIFF.
43    05/05/2004
         SUBPOENA(S) SERVED BY SHERIFF.
45    05/07/2004
         DEFENDANT'S LETTER FILED.
         LETTER REGARDING STATE DECLARING THE DEFENDANT A HABITUAL OFFENDER.
         *SEE FULL LETTER IN FILE.
37    05/12/2004
         DEFENDANT'S REQUEST FILED.
         TO: JUDGE COOCH
         REQUEST TO BE ALLOWED TO REPRESENT SELF DURING SENTENCING
36    05/17/2004
         LETTER FROM SUPREME COURT TO JOHN FOLKS
         RE: SUPREME COURT CAN TAKE NO ACTION WITH RESPECT TO YOUR
         LETTER. THE SUPREME COURT IS AN APPEALLATE COURT.
         THERE IS NO APPEAL PENDING AT THIS TIME, THEREFORE
         THE COURT LACKS JURISDICTION TO ADDRESS THE CONCERNS RAISED
         IN YOUR LETTER.
44    06/07/2004                              COOCH RICHARD R.
         LETTER FROM: JUDGE COOCH             TO: MR FOLKS
         I'AM IN RECEIPT OF YOUR MAY 16,2004 LETTER TO ME REQUESTING THAT
         MR. BAYARD BE DISCHARGED AS YOUR ATTORNEY AND THAT NEW LEGAL COUNSEL
         "OUTSIDE OF THE PUBLIC DEFENDER'S OFFICE" BE APPOINTED TO ASSIST YOU
         AT YOUR HABITUAL OFFENDER HEARING, SENTENCING AND FURTHER APPEAL.
         NO ADEQUATE BASIS HAS BEEN SET FORTH BY YOU IN THIS LETTER AR ANY
         OTHER PRIOR SUBMISSION FOR THE GRANTING OF SUCH NEW LEGAL ASSISTANCE.
         IMMEDIATELY PRIOR TO YOUR SENTENCING ON JULY 2, 2004 THE COURT WILL
         DETERMINE IF YOU WISH TO REPRESENT YOURSELF AT SENTENCING WITH MR.
         BAYARD ACTING AS STAND-BY COUNSEL, WHETHER YOU WISH TO REPRESENT
         YOURSELF WITHOUT ANY ASSISTANCE OF ANY KIND FROM MR. BARD, OR WHETHER
         YOU WISH TO HAVE MR BAYARD.
46    06/08/2004
         DEFENDANT'S LETTER FILED.
         TO: JUDGE COOCH
         RE:REGARDING RAPE CONVICTION
```

Court Docket Sheet Number - 46

FM: John Folks

SBI# 136234   UNIT MHU-21

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

MR. Peter T. Dalleo - Clerk of the court

U.S. District Court of Delaware,

844 North King Street, Lockbox 18

Wilmington, Delaware

19801