IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN FOLKS,
    Petitioner,

V.

CIVIL ACTION NO. 07-334

THOMAS CARROLL, Warden et al,
    Respondent.

Petitioner request Permission by leave of the Court to Amend the following arguments. Argument (1) - Section-F; Argument (4), Section-J; Argument (5) - Section-N; and Argument (8), which includes additional exhibit-X, in support of Argument (8) within memorandum of Law.

Now comes Petitioner John Folks, who moves this HONORABLE COURT by leave of the Court, also pursuant to Rule 15(A) which govern amendments for and within the UNITED STATES DISTRICT COURT. Requesting Permission to Amend Petitioner's memorandum of law in support of Petitioner's HABEAS CORPUS MOTION.

Date: 6-27-07



Name: John Folks-Pro-se
John Folks-PRO-se
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977

IN support of Argument (I) - Section - F
within Petitioner's memorandum of Law

# ARGUMENT

F. Petitioner contends that his counsel was grossly ineffective when he failed to object and raise on appeal the Prosecutions discriminatory use of Peremptory Challenges. A defendant can use evidence gathered solely from his own trial to establish a Prima Facia Case of the Prosecutions discriminatory use of Peremptory Challenges.

IN particular <u>Batson</u> held that a defendant could establish a Prima facie Case of Purposeful discrimination by showing that 1) defendant is a member of a Cognizable Racial group, 2) the group's members have been excluded from the jury, and 3) the circumstances of the case raise and inference that the exclusion was based on Race. Batson further held that if the trial Judge is satisfied that the defendant has established a Prima Facie Case "the burden shifts to the State to come forward with a neutral explanation for Challenging black Jurors".

IN the case at bar John Folks an AFRICAN AMERICAN male was on trial for Robbery in the First degree of a white male. During the Jury selection Process the State never exercised their Peremptory Challenges while a "all white" Jury was seated. When a young African American

female was selected the prosecutor almost immediately struck the potential juror. Counsel (Bayard) failure to recognize and object to this blatant use on discriminatory peremptory challenges was grossly ineffective. The State had no prior information on the jurors outside of their profile (Job, Race, age etc. etc.) because they themselves didn't know who was being selected, so with no preceptual material present there was no reason to exclude this potential juror outside of race. In Jones v. Ryan 987 F.2d 960 (3rd Cir. 1993) the circuit court noted and affirming its ruling in Government of Virgin Island v. Forte 865 F.2d 59, 64 (3d Cir. 1989) Aff'd 904 F.2d 694 (1990), Cert. denied, 111 S. Ct. 2262 (1991) that "A violation of the Batson Rule occurs when race is used as a <u>factor</u> in the exercise of a peremptory challenge."

In Riley v. Delaware 496 A.2d at 1013-20 see also Mitchell v. State 295 Ark. 341 750 S.W. 2d 936 (1988) Exclusion of <u>one minority</u> group member is sufficient to establish a prima facie case when this juror is the only member of the defendant's race on the panel of prospective jurors, Stanley v. State 313 Md. 50 542 A.2d 1267, 1285 (1988) The discriminatory exclusion of the only African American potential juror on the panel was a violation of the defendant's right to the equal protection clause of the fourteenth Amendment. Because counsel did not object to and raise on appeal this fundamental right of a impartial jury he (Bayard) was grossly ineffective and prejudice the petitioner from obtaining a fair trial.

section F. Page-9,10 and 11 in memorandum of law

In support of Argument (4) - Section-J
Within Petitioner's memorandum of Law

## ARGUMENT

J. The Prosecution violated Batson v. Kentucky by using Peremptory Challenges to strike the only AFRICAN AMERICAN from the Jury Panel because of their race. As a result of this strike no AFRICAN AMERICANS sat on the Jury. Batson held that the Equal Protection Clause of the Fourteenth Amendment to the UNITED STATES CONSTITUTION precludes the Prosecutor in a state criminal action from exercising Peremptory Challenges based upon Race.

In the case at bar the Prosecutor violated the Batson v. Kentucky by exercising the use of Peremptory Challenges in a discriminatory manner. UNITED STATES SUPREME COURT decision in BATSON 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986) held that the Equal Protection clause of the Fourteenth Amendment to the UNITED STATES CONSTITUTION precludes the Prosecutor in a state criminal action from exercising Peremptory Challenges based on race. A defendant can use evidence gathered solely from his own trial to establish a Prima facie case of the Prosecutor's discriminatory use of Peremptory Challenges.

In particular Batson held that a defendant could establish a Prima facie case of Purposeful discrimination by showing that: 1)

Goes with section J, Page - 21 in memorandum of Law

defendant is a member of a cognizable racial group, 2) The groups members have been excluded from the defendant's jury, and 3) The circumstances of the case raise and inference that the exclusion was based on race. <u>Batson</u> further held that if the Trial Judge is satisfied that the Petitioner has established a Prima Facie case "the burden shifts to the state to come forward with a neutral explanation for challenging black jurors." The Prosecutor's explanation for the Peremptory challenges must be more than an affirmation of good faith or an assumption that the Challenged jurors would be partial to the defendant because of race. Although it need not rise to the level of Justifying exercise of a challenge for cause, it must be related to the Particular case to be tried.

In the case at bar John Folks a African American male was on Trial for Robbery in the first degree of a white male. During the Jury Selection process the state never exercised their Peremptory challenges until a young African American Female was selected to be on the Jury, and almost immediately after being selected to the Jury Panel the Prosecutor, when before declining to use Peremptory Challenges, immediately seeing the African American female struck her, intentionally securing a all white Jury. The Circumstances of the exclusion and the Jury selection Process, The state had no prior information on the Jurors because they themselves didn't know who was being selected, so with no preceptual material Present there was no reason to exclude this Potential Juror outside of race. The State

had the opportunity before this AFRICAN AMERICAN FEMALE was selected to exercise its challenges but it declined, why once a AFRICAN AMERICAN was selected did they decide to exercise this process? it is explicitly evident that the Prosecutor exercise the Peremptory Challenges on discriminatory grounds. IN Jones v. Ryan 987 F.2d 960 (3rd Cir. 1993) the Circuit court noted and reaffirmed its ruling in Government of Virgin Island v. Forte 865 F.2d 59, 64 (3rd Cir. 1989) Aff'd mem. 904 F.2d 694 (1990), Cert. denied, 111 S.Ct. 2262 (1991) that "A violation of the BATSON Rule occurs when race is used as a factor in the exercise of a Peremptory Challenge." IN Riley v. Delaware 496 A.2d at 1013-20 see: also Mitchell v. State 295 Ark. 341 750 S.W. 2d 936 (1988) exclusion of one minority group member is sufficient to establish a prima facie case when this juror is the only member of the Petitioner's race on the panel of Prospective Juror's, Stanley v. State 313 Md. 50 542 A.2d 1267, 1285 (1988) the discriminatory exclusion of the only AFRICAN AMERICAN Potential Juror on the panel was a violation of the Petitioner's right to the equal Protection clause of the Fourteenth Amendment, and his right to a fair and impartial Jury. Del. C. Ann. Const. Article 1, § 7. and U.S.C.A. Const. Amend 6.

Where, as here, a Prima facie case of discrimination has been established "the Prosecutor must assert a clear specific reason beyond "intuitive Judgment" or "good faith" for challenging members of a racial group. United States v. Clemons, 843 F.2d 741, 747 (3rd Cir.) Cert. denied, 488

U.S. 835 (1988) (citations omitted) if no such explanation is forthcoming for even one prospective juror, the defendant is entitled to a new trial. See: Jones 987 F.2d at 974-75 (Reversing denial of petition of habeas corpus where race was a factor in the exclusion of one juror; Harrison v. Ryan, 909 F.2d 84, 88 (3rd Cir.) ("exclusion of one Black juror from the jury on the basis of race is sufficient to require a new trial pursuant to Batson"), cert. denied, 498 U.S. 1003 (1990).

Its evident without question that the Petitioner's jury panel did not reflect the composition of the geographical area. While its possible that the state could've excluded white potential jurors; the rate of minority challenges was significantly higher than non-minorities challenges. It represented a disproportionate geographical make-up of a impartial jury, thus manifesting into a violation of Del. Article 1 § 7 and the U.S.C.A. Amend 14 equal protection clause.

Petitioner was denied an opportunity to conduct discovery to gain access to relevant statistical evidence on systematic exclusion of AFRICAN AMERICANS from jury service in prior criminal cases. The record does support the Petitioner's claim of a <u>Batson Violation</u>.

IN Support of Argument (5) - Section - N

Within Petitioner's memorandum of Law

## ARGUMENT

N. The Petitioner further asserts that in Delaware, a sentencing court has a broad discretion to consider "information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which that defendant was convicted" See: Lake v. State, Del. Supr., No 67, 1984, Horsey, J. (Oct. 29 1984) [494 A.2d 166 (table)] (order). However, a sentencing court abuses its discretion if it sentences on the basis of inaccurate or unreliable information. See: Hamilton v. State, Del. Supr., No. 153, 1986 Holland J. (Nov. 12, 1987) [534 A.2d 652 (table) (ORDER). Moreover, the due process clause of the Fifth Amendment prohibits a criminal defendant from being sentenced on the basis of information which is either false or which lacks minimal indicia of reliability. "[M]aterial false assumptions as to any facts relevent to sentencing, renders the entire sentencing procedure invalid as a violation of due process." See: U.S. V. Robin, 2d Cir., 545 F.2d 775 (1976) (citing Townsend v. Burke, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948) and U.S. v. Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 591-92, 30 L.Ed.2d 592 (1972). As previously noted, the Court docket sheet, docket Number-46, indicates and/or implies a rape conviction by the Petitioner. The Petitioner never committed a rape crime or was ever convicted of a rape crime, but yet that conviction is mentioned on the record and likely was taking into

consideration at sentencing. The Petitioner argues that as a result of that false conviction/information, the Judge relied on impermissible factors and exhibited a closed mind. see: Fink v. State, Del. Supr., 817 A.2d 781 and see: Meyer v. State, 604 A.2d 839. Also see: court docket sheet in the appendix, docket number -46, Page -5.

The Petitioner further argues that there is evidence of a confusing by the Prosecutor between the Petitioner and the Petitioner's nephew (Joseph Folks), who was convicted of rape and it is his conviction (Joseph Folks), whos' listed on the Petitioner's docket sheet. See: Trial Transcripts, DK. 67, Page-45, Line-1-4, where the Prosecutor confuses the Petitioner with his nephew, Joseph Folks. The Petitioner argues that not only did the trial/sentencing Judge take into consideration impermissible factors, a rape conviction, when he sentenced the Petitioner, but he displayed a closed mind at sentencing when he twice ignored a well known State worker and drug counselor who ▓▓▓ appeared in court twice to support the Petitioner for drug treatment. The Petitioner argues that clearly the Judge had a closed mind at sentencing, because clearly there was evidence of drug abuse on the part of the Petitioner and the presentence report as well as the record indicating that the Petitioner was panhandling money for drugs on the night of his arrest; clearly showed that the Petitioner's background supported leniency or at the very least sentenced to some sort of drug rehabilitation treatment; which is what Mr. Earl Woodlin was asking the Judge to do, twice. Mr. Woodlin is in charge of several successful programs, in particular, the Troasa Program. The

____ with section N, Page-26 in memorandum of Law

Petitioner argues that as a result of that false and unreliable information on the record that also created other false aggravating factors; the Judge relied on impermissible factors and displayed a closed mind. The Petitioner also asserts that the victim and the Judge was from the same area in New Castle County and the Petitioner and his counsel had concern about that fact. See: sentencing transcript of 7-8-05. The Judge had a closed mind at sentencing and displayed a lock-em-up and throw away the key approach, dispite support from Mr. Earl Woollin and dispite the Petitioner's well-known disease of addiction, see: Page six of sentencing transcript of 7-8-05. How does the Petitioner know that the Judge did not take into consideration a rape conviction (docketed on the Petitioner's docket sheet) at sentencing? docket-46.

Coos with Section N, Page-26 in memorandum of Law

IN support of Argument (8) within

Petitioner's memorandum of Law

## ARGUMENT

Q. The Petitioner argues that since it was not proven the first time at the first sentencing that the Petitioner committed the 1977 conviction and it was reversed on appeal for insufficient evidence, it was impermissible for the Judge to use that conviction for the purpose of enhancing the Petitioner's sentence. see: John Folks V. State, 291, 2004 and see: Fink V. State, 817 A.2d.781, (2003). The Petitioner argues that the State failed to prove that conviction under the beyond a reasonable doubt standard and don't get a second chance to now prove that conviction or use that conviction under the proponderence of evidence standard. See: Burks v. U.S. 98. S.Ct. 2141 (1978). See: Nelson, 109 S.Ct. 290, 293. and see: Greyson V. Kellam, 937 F.2D 1409 (4th Cir. 1991). According to the United States Supreme Court, the doctrine of Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and Final Judgment, that <u>issue can not</u> be <u>litigated between</u> the <u>same parties in any Further Litigations</u>". see: ID At 446, 90 S.ct. 97, 1195. <u>the issue in question is that 1977 Conviction.</u>

The Petitioner also argues that dispite the Delaware Supreme Court contradicting ruling, the Petitioner was still sentenced as an habitual offender and Petitioner's exhibit-X proves it. The Petitioner argues that all of Delaware's habitual offenders and career criminals are

Goes with argument 8, page-33 and 34 in memorandum of Law

QUERY - SENTENCE, PUNISHMENT, HA-
BITUAL OFFENDER STATUS

DATABASE(S) - DE-CS, DE-CS-ALL, DE-ST-ANN,
DE-RULES

tence report. After 28 years of criminal justice system involvement, five PSI's and two declarations of **habitual offender status**, it is safe to say that the **offender** has exhausted all of his options regarding rehabilitation. He's not going to change. We can keep on seeing him in court, writing presentence reports, and declaring him a **habitual offender** every time gets arrested, but he will still be the same hopeless criminal. It's time to lock him away for the rest of his life and move on to a new **offender**. [FN5]   FN5. Presentence evaluation.

29.  **C**   Jones v. State, 672 A.2d 554 (Del.Supr., Feb 15, 1996)(NO. 175,1995)

**Sentencing** and **Punishment**   350HII **Sentencing** Proceedings in General   350HII(G) Hearing   350Hk340 Presence of Defendant   350Hk342 k. Time, Stage, or Character of Proceedings.   (Formerly 110k987)   Defendant has fundamental right to be present at imposition of final **sentence** following criminal conviction; however, defendant's presence is not always necessary when **sentence** is corrected. Superior Court Criminal Rules 35, 36, 43(a).  [2] 350H **Sentencing** and **Punishment**   350HXII Reconsideration and Modification of **Sentence**   350HXII(B) Grounds and Considerations   350Hk2252 k. Technical, Formal or Arithmetical Error.   (Formerly 110k996(3))  **Sentencing** judge may decide motion to amend clerical errors in court's records without notice if clerical mistake appears on face of record. Superior Court Criminal Rule 36.  [3] 350H **Sentencing** and **Punishment**   350HII **Sentencing** Proceedings in General   350HII(G) Hearing   350Hk340 Presence of Defendant   350Hk342 k. Time, Stage, or Character of Proceedings.   (Formerly 110k987)  Defendant had right to be present when amended **sentence** was imposed where superior court had erroneously



30.  **H**   Folks v. State, 892 A.2d 1083 (Table, Text in WESTLAW), Unpublished Disposition, 2006 WL 212102 (Del.Supr., Jan 26, 2006)(NO. 311,2005)

**Sentencing** and **Punishment**   350HI **Punishment** in General   350HI(E) Factors Related to **Offender**   350Hk93 Other Offenses, Charges, Misconduct   350Hk94 k. In General.  Trial court acted within its discretion in considering defendant's prior felony conviction for carrying a concealed deadly weapon in **sentencing** him for robbery and possession of a deadly weapon during the commission of a felony, even though prior offense was invalid for establishing **status** as a **habitual offender**, where defendant was not **sentenced** as a **habitual offender**,

31.  **H**   Williams v. State, 539 A.2d 164 (Del.Supr., Mar 10, 1988)(NO. 411, 1986)

**habitual offender** based on his separate, previous convictions for residential daytime burglaries. 11 Del.C. § 4214(b); U.S.C.A. Const.Amends. 8, 14.  [4] 350H **Sentencing** and **Punishment**   350HVI **Habitual** and Career **Offenders**   350HVI(B) Offenses Subject to Enhancement   350Hk1239 Actual or Potential Penalty   350Hk1240 k. In General.   (Formerly 110k1202.3(1), 110k1202.3) 350H **Sentencing** and **Punishment**   350HVI **Habitual** and Career **Offenders**   350HVI(G) Number of Prior Adjudications   350Hk1306 k. Number Required.   (Formerly 110k1202.14)  **Sentence** of imprisonment for life without possibility of probation on parole, the most severe noncapital **punishment** in Delaware, can only be invoked when triggering offense is a third separate crime involving death or danger to human life, under **habitual offender**

Exhibit-X

Posted on the WestLaw's sentence and Punishment and according to Delaware's WestLaw's declaration of Past, Present and/or Current Habitual offender's, the Petitioner, John Folks is an Habitual offender, and was sentenced as one, as indicated by the H. marked Next to Petitioner's Name. See: Petitioner's exhibit-X, included with this motion. The Petitioner argues that according to the Habitual offender status found on the Data Base under 11 Del.C. § 4214 he was sentenced as an habitual offender, dispite the Delaware Supreme Court ruling.

Goes with argument 9, Page - 33 and 34 in memorandum of Law



I/M: John Folks
SBI# 136234    UNIT MNU-21-C-L-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

(Legal Mail)

OFFICE OF THE CLERK - C/O MR. PETER T. DALLEO
U.S. DISTRICT COURT, DISTRICT OF DELAWARE
844 NORTH KING STREET, LOCKBOX 18
WILMINGTON, DELAWARE
19801




U.S.M.S
X-RAY