**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

John Folkes                        :
                                   :
                Plaintiff,         :
                                   :
        v.                         :   C. A. No. 07-334-***
                                   :
Thomas Carroll, Warden             :
                Defendant.         :

**ORDER**

At Wilmington this 1**6**[th] day of **July, 2007**.

Petitioner requests leave of the court to amend his habeas corpus petition

to add additional allegations and facts, with supporting legal arguments. D.I. 15. This

request was filed before any responsive pleading was filed by defendant. In his motion,

petitioner outlines the additional bases petition and the facts he maintains are in support

thereof. In light of the timing of the motion, the liberal approach to amendments to

pleadings in this jurisdiction and the preference of the court to have all legal issues before

it in rendering decisions on the merits, petitioner's request is GRANTED.

Petitioner further requests appointment of counsel. D.I. 9. Petitioners do not

have an automatic constitutional or statutory right to representation in federal habeas

proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); R*eese v. Fulcomer*,

946 F.2d 247, 263 (3d Cir. 1991); *United States v. Robertson*, 194 F.3d 408, 415 n.5 (3d

Cir. 1999). A court may, however, seek legal representation for a petitioner "upon a

showing of special circumstance indicating the likelihood of substantial prejudice to

[petitioner] resulting . . . from [petitioner's] probably inability without such assistance to

present facts and legal issues to the court in a complex but arguably meritorious case."

*Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (citing *Smith-Bey v. Petsock*, 741 f.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A(a)(2)(B) (representation by counsel may be provided when a court determines that the "interests of justice so require").

Petitioner, in the instant matter, seeks appointment of counsel because he is incarcerate, he is unable to afford counsel, he claims that the legal issues are complex and he is unskilled in the law and he contends that his counsel was ineffective. After reviewing petitioner's motion and documents filed in the instant proceedings, the court concludes that the "interest of justice" do not warrant the appointment of counsel at this time. Although petitioner is detained and he claims improprieties in his trial and inadequacy of his representation, the court does not believe that this case is, at present, so factually or legally complex that it requires the appointment or counsel. Petitioner's claims appear to be "straightforward and capable of resolution on the record" to date. Further, petitioner has a sufficient understanding of the issues and has capably articulated his position sufficiently to coherently present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will be dependent upon credibility determinations. Therefore, petitioner's request for appointment of counsel, D.I. 9, is DENIED, with leave to refile.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE