IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN FOLKS,
    Petitioner,

V.                                          CIVIL ACTION NO. 07-334 ***

THOMAS CARROLL;
WARDEN, AND ATTORNEY
GENERAL OF THE STATE
OF DELAWARE,
    Respondents.

RECEIVED
AUG 31
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petitioners Motion for Default
<u>in support of his Habeas Petition</u>

NOW, Comes the Petitioner, John Folks; pursuant to Rule 55 of the rules of Civil Procedure; to request that this honorable court deny the state's tardy responses to Petitioner's habeas corpus based on the following facts and rules governing procedures therein:

Petitioner, John Folks; filed a Petition for writ of habeas corpus docketed on May 25, 2007, with the United States District Court; having been reviewed pursuant to Rule 4, 28 U.S.C. Foll § 2254; the Clerk; pursuant to Rules 3(b) and 4, 28 U.S.C. Foll § 2254 forward accordingly a copy of the Petition, Memorandum in support, Appendix; and amended Petition (D.I.1; D.I.2, D.I.3, D.I.15) the order dated June 7, 2007, (D.I.7); the AEDPA election form (D.I.14), and this order upon: (1) the above named Warden

of the facility in which Petitioner is housed; and (2) the ATTORNEY General of the State of Delaware.

In accordance with Rule 5, the Attorney General, pursuant to 28 U.S.C. Foll § 2254; was deemed responsible within forty-five (45) days of service of the Petition to adequately respond; as ordered by U.S. Magistrate Judge; The Honorable MARY PAT THYNGE. However, Pursuant to rule 6, Governing Rules of Civil Procedure, the court may award and extented time period; when by these Rules or a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion; Grant an extended time period:

  6 (b)....
  (1) With or without motion or notice order the Period enlarged if request therefore is made <u>before</u> the expiration of the period originally prescribed or as extended by a previous order; or
  (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of <u>excusable</u> <u>neglect</u>; but it may not extend the time for taking any action under Rules 50 (b) an (c)(2), 52(b), 59(b),(D) and (e).

2

The state in the instant case has not put forth the necessary just cause to show why they failed to adhere the procedural requirements governing this Rule, in pursuant to the order dated July 9, 2007, implementing the proper caculations from the date of the order; July 9, 2007, the state's response or motion for extention of time had to be filed on or before August 23, 2007; in accordance with the governing Rule and additional three (3) days for mailing, which would have made the response timely as of August 28, 2007, per order issued by this court.

    IT has been suggested that an answer should be required in every habeas proceeding, taking into account the usual petitioner's lack of legal expertise and the important functions served by the return. see: Developments in the Law – Federal Habeas Corpus, 83 Marv. L. Rev. 1038 1178 (1970); IN the event an answer is ordered under Rule 4, the court is accorded greater flexibility than under 2243 in determination within what time period an answer must be made. under §2243, the respondent must make a return within three days after being so ordered, with additional time of up to 40 days (forty days) allowed under the Federal Rules of Civil Procedure, Rule 81 (a)(2); for "good cause".

The respondents in the case at bar has not only failed to adhere to the Rules governing this Court, but also has failed to produce a Reason of "Good Cause", or one of excusable neglect to justify their blatant disregard for said procedures. Having within their grasp unlimited resources, electronic technologies and capabilities, there's no excusable neglect apprropriate in this Context to remedy such an disregard. Although under Rule 4, it authorizes the Judge to "Take such other action as the Judge deems appropriate"; based on the respondent's Legal experience, excessive resources, and overall capabilities.

## Conclusion

Pursuant to Rule 55 of the Rules of Civil Procedure, the Petitioner request, due to the aforemention facts most notably the "Legal experience" and "excessive Resources" afforded to the State, along with the other multiple resources at their disposal; that this honorable court rejects any and all future attemps from the Attorney General's Office of the State of Delaware; to respond to Petitioner's Petition for writ of Habeas Corpus; any and all future attempts by respondent's to answer should be considered untimely; due to their Failure to Fulfill their Legal obligation and Deadline of August 23, 2007, thus violating the order by default.

Due to this obvious violation of the Courts order, the

Petitioner now request that the court hear the merits of his writ of habeas corpus. The Petitioner does not request a order of judgment by default, but rather the ruling on the merits within his Petition. The Petitioner also request an evidentiary hearing to properly address the substantive nature of his claims, especially the complex nature of the Petitioner's <u>BATSON VIOLATION</u>, which can not be thoroughly examined absence of a evidentiary showing.

<u>Respectfully Submitted</u>

<u>John Folks</u>
John Folks — Pro-se
D.C.C.
1181 Paddock Rd
Smyrna, Del. 19977

Date: <u>8-29-07</u>

I/M: John Folks
SBI# 126234    UNIT: Mhu-21 C-L-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Mr. Peter T. Dalleo - Clerk of Court
U.S. District Court - District of Delaware
844 King Street, Lockbox 18
Wilmington, Delaware 19801

(LEGAL MAIL)

U.S.
X-RAY