IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN FOLKS,
    Petitioner,

V.

THOMAS CARROLL, Warden et al,
    Respondent.

CIVIL ACTION NO. 07-334 ✗✗✗

---

Petitioner request Permission by Leave of the Court to Amend the following arguments. Argument (2) - Section - H. in Petitioner's memorandum of Law, Pages - 13, 14 and 15. And argument - (8) - Section - Q, in memo, Pages - 33 + 34

---

Now Comes Petitioner John Folks, who Moves this HONORABLE COURT by Leave of the Court, also Pursuant to Rule 15(A) which govern amendments for and within the UNITED STATES DISTRICT COURT, Requesting Permission to amend Petitioner's memorandum of Law in Support of Petitioner's HABEAS CORPUS MOTION.

Date: 9-25-07

Name: John Folks - Pro-Se
John Folks - Pro-Se
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977

In support of Argument (2) - Section H.
within Petitioner's memorandum of Law

The Petitioner Respectfully request the Court's consideration on the following Amended portion in support of Petitioner's memorandum:

## ARGUMENT

(H) 1. Petitioner's counsel (Bernard J. O'Donnell was grossly Ineffective when he intentionally relinquished a known right, "collateral estoppel", that ultimate fact (Identity of Prior conviction) that Mr. O'Donnell conceded too, was once determined by a valid and final Judgment, and that issue should not have been Re-Litigated within Petitioner's case; See: John Falks v. State, Del., 892 A 2d 1083 @ (1)(5), Due to counsel's decision to intentionally relinquish Petitioner's known right, he infringed upon the Petitioner's constitutional right to effective assistance of counsel; and as a result allowed the court to enhance the Petitioner's sentence to 20 years.

2. As in the case at bar the doctrine of collateral estoppel precluded the Re-Litigation in a subsequent

Goes with section H in memo, of law, Pages - 13, 14, 15

criminal prosecution of question decided by a former judgment in a criminal case. Defense attorney should seasonably object to the introduction of evidence bearing on the question of facts previously decided. Although anyone may forgo a right intended for his own benefit in the absence of some rule of public policy; the instant case reflects the contrary. When Mr. O'Donnell conceded to that conviction that was deemed insufficient by the Delaware Supreme Court for the habitual offender status; (see: John Folks v. State, Del., 872 A.2d 959 (a)(12)) his unreasonable conduct allowed the Judge to use that (invalid conviction), as a aggravating factor (for enhancement purposes) to impose an excessive sentence, thus causing a detrimental effect by lost of liberty to petitioner, see: Nathan Miller Inc V. Northern Ins. Co. of New York, Del, 523, 39 A.2d 23.

3. A waiver is the intentional relinquishment of a known right, either in term or by such conduct as clearly indicates an intention to renounce a known privilege or power, it involves both knowledge and intent, and is based on the idea of consent, express or implied. Counsel had knowledge that without the prior conviction; the petitioner was facing 4 to 6 years. The enhancement of the prior goes with section H in memo. of law, pages - 13, 14 &

conviction conceded to by counsel, and used as a catalyst for the enhancement — caused the sentence statute to increase to 10 to 20 years, with 10 years being mandatory. This act of concedement rendered counsel's representation ineffective and thus violated Petitioner's constitutional right. See: Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064-74, 80 L. Ed 2d 674 (1984).

5

Goes with section H in memo of Law, Pages - 13, 14 & 15

In support of Argument (s) - Section Q.

Within Petitioner's memorandum of Law

---

The Petitioner Respectfully request the Court's consideration on the following Amended Portion in support of Petitioner's memorandum:

### ARGUMENT

(Q)  1. The Petitioner argues that the trial Court Knowingly and Purposely Placed Petitioner in Double Jeopardy, because the trial Court knew it was Collateral Estoppel from considering a 1977 Conviction that was already Litigated on once before between the Petitioner and the State. Collateral estoppel simply means that when an issue of ultimate fact has once been determined by a valid and final Judgment, that issue cannot again be Litigated between same Parties in any future Proceeding. See: (Ashe v. Stevenson, 397 U.S. 436, 90 S. Ct. 1189)

2. Article 1, section 8 of the Delaware Constitution Provides in Part that "No Person shall be for the Same

Cont. with section Q in memo. of Law Pages 33&34

offense twice put in jeopardy of Life or Limb. Principal of double Jeopardy, which are Limited to the criminal context, are subsumed by the broader doctrine of colleteral estoppel. see; (Bowther v. State, Del., 884 A.2d 487).

## CONCLUSION

The Petitioner request relief in the interest of Justice.

Respectfully Submitted

Date: 9-25-07

John Folks - Pro-se
John Folks - Pro-se
1181 Paddock Road
Smyrna, Del. 19977

Goes with section Q in memo. of Law, Pages - 33 + 34

I/M John Folkes
SBI# 126239 UNIT MHU-21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

MR. Peter T. DALLEO - Clerk of the court
United States District Court
844 King Street, LockBox - 18
Wilmington Delaware
19801

(LEGAL MAIL)