IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN FOLKS, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 07-334-JJF |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

_____

John Folks, Jr. Pro Se Petitioner.

_____

**MEMORANDUM OPINION**

June 12, 2009
Wilmington, Delaware

Farnan, District Judge

Petitioner John Folks has filed a Motion For Reargument Pursuant To Rule 7.1.5 Of The Local Rules Of Civil Practice And Procedure Of The United States District Court For The District Of Delaware. (D.I. 54)  For the reasons set forth below, the Court will deny the Motion.

## II.   STANDARD OF REVIEW

Pursuant to Local Rule 7.1.5, a motion for reargument should be granted sparingly.  D. Del. LR 7.1.5.  The principles governing such motions are as follows: (1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; (2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; and (3) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court." Schering Corp. v. Amgen, Inc., 25 F. Supp. 2d 293, 295 (D. Del. 1998).  A motion for reargument can only be granted if the Court patently misunderstood a party, the Court made a decision outside the adversarial issues presented to the Court by the parties, or the Court made an error of apprehension rather than of reasoning; a

1

motion that simply "rehashes materials and theories already briefed, argued, and decided" should be denied. Id.

## III. DISCUSSION

The Court's decision to deny the Petition as procedurally barred stemmed from Petitioner's failure to exhaust state remedies for the Claim which, in turn, constituted a procedural default for the purposes of federal habeas review. In its Memorandum Opinion, the Court explained that Petitioner did not exhaust state remedies for Claim Six because he did not fairly present the Claim as an issue of Federal or Constitutional law when he raised it to the Delaware Supreme Court on direct appeal; rather, he presented the Claim as an issue of state evidentiary law. In addition, the Court noted that Petitioner did not present the Claim to the Delaware Supreme Court on post-conviction appeal.

In his Motion For Reargument, Petitioner contends that the Court erred in denying Claim Six of his Habeas Petition as procedurally barred from habeas review. Petitioner cursorily asserts that "he correctly exhausted his state remedies in reference to his sixth claim and that his claim was properly presented as well as fairly presented," and he asks the Court to review the Claim under the standards articulated in 28 U.S.C. § 2254(d)(1) and (2). (D.I. 54, at p.2.)

Petitioner appears to assert three reasons for the Court to

grant his Motion For Reargument. First, "if he had raised his issue (sixth claim) of the post-arrest statement in his post-conviction motion, then that issue would have been procedurally barred by Superior court as well as the Delaware Supreme Court, because both of those courts would have said that the Claim was already adjudicated once on direct appeal and is therefore barred under Superior Court Criminal Rule 61(i)(4)." Id. Second, Petitioner is a "layman of the law and [] his claims should have been reviewed both standards and that by his claim(s) not being reviewed under both standards in 28 U.S.C. § 2254(d)(1) and (2), the Court unreasonably and incorrectly applied the law when deciding Petitioner's claim(s) and/or habeas corpus motion." Id. And finally, Petitioner contends that the Court's decision would have been different if it had granted his Motions for Representation by Counsel. Id.

None of these reasons, however, satisfy the standards for granting reargument. The reasons relied upon merely assert Petitioner's disagreement with the Court's conclusion, and reargue an issue already decided. In sum, the Court reaffirms its conclusion that Claim Six is procedurally barred, and therefore, reargument is not warranted. Accordingly, the Motion For Reargument will be denied (D.I. 54).[1]

---

[1] The Court acknowledges that the Motion For Reargument may have been intended to cover all the habeas claims denied by the Court. If so, for the reasons discussed in the text of this

3

**IV.  CONCLUSION**

For the reasons discussed, Petitioner's Motion For Reargument will be denied. (D.I. 54)

An appropriate Order will be entered.

---

Memorandum Opinion, the Court concludes that reargument is not warranted for any of the claims in the Petition.